IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM P. MEYENBURG, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civ. A. No. 3:05-cv-15 (DGW) |
| EXXON MOBIL CORPORATION, a New Jersey corporation, ) ) ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Class Certification (Doc. 2) filed on January 13, 2005 for settlement purposes pursuant to Federal Rule of Civil Procedure 23. The Court has read and considered the Motion and Memorandum in Support thereof and the extensive presentation and representations of counsel.

In light of the foregoing, the Court conditionally finds that, within the meaning of Federal Rule of Civil Procedure 23(a):

(1) the Settlement Class, which consists of millions of persons, is so numerous that joinder of all members is impracticable;

(2) there are questions of law (including alleged violations of the Illinois Consumer Fraud Act and the Illinois Deceptive Trade Practices Act and similar statutes enacted by and enforced in the other states) and fact (including issues of whether the Lubricant Products have characteristics, ingredients, uses or benefits which are the same as those of products sold under a different brand name, but at a lower price) common to the Settlement Class;

(3) the claims of the class representative are typical of the claims of the Settlement Class; and,

(4) the class representative will fairly and adequately protect the interests of the Settlement Class and that Plaintiff's counsel are competent to maintain this action.

The Court further conditionally finds that, within the meaning of Federal Rule of Civil Procedure 23(b)(3), common questions predominate over individual questions and the class action procedure is superior to other means of fairly and efficiently adjudicating the controversy.

The conditional findings contained in these paragraphs are without prejudice to Defendant's rights to contest the propriety and/or scope of the Settlement Class allegations if a Settlement is not finally approved by the Court, and all appeals in that regard exhausted, or the Parties otherwise terminate the Settlement Agreement pursuant thereto.

ACCORDINGLY, IT IS HEREBY ORDERED that this matter is CONDITIONALLY CERTIFIED as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) with the Class defined as follows:

All persons and entities who purchased Mobil Drive Clean 5W-30, 10W-30, 10W-40, 20W-50, 5W-20, HD 30, and HD 40; Mobil Clean; Mobil Multi Purpose ATF; Mobil ATF +3; Mobilube HD LS; Mobil Delvac Hydraulic 10W; Mobiltrans HD 10, HD 30, and HD 50; Mobilfluid 424; Mobilube HD Plus 80W-90 and HD Plus 85W-140; Mobilube HD 80W-90 and HD 85W-140; Mobilgear 626, 627, 629, 630, 632, 634, and 636; Exxon Nuto H 32, H 46, H 68, H 100, and H 150; Mobilux EP; Mobilith AW2; Mobil Pegasus 505; Mobil Almo 535, 529, and 532 (the "Lubricant Products") within the United States, its Territories, and Possessions between April 1, 2002, and the date when first notice of class settlement is given, excluding persons and entities who purchased any of the Lubricant Products during that period pursuant to a Lubricants Distributor Agreement.

The Court hereby APPOINTS and DESIGNATES as Class Representative, Adam P.

Meyenburg.  The Court further APPOINTS and DESIGNATES as Class Counsel, Jeffrey Schultz, Esq., 1400 W. Main Street, Ste. 17, Carbondale, Illinois 62901, Jeffrey Harris, Rubin Winston, Diercks, Harris & Cooke, LLP, 1155 Connecticut Avenue, N.W. Washington, D.C. 20036; Michael Havard, Esq., Provost Umphrey, 490 Park Street, Beaumont, Texas 77701; and Rayford L. Etherton, Jr., The Law Offices of Rayford L. Etherton, Jr.

Based upon the foregoing, the Court **GRANTS** plaintiff's Motion for Conditional Class Certification. (Doc. 2).

**DATED: April 20, 2005.**

<u>s/Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**