UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM E. MEYENBURG, *individually and on behalf of all others similarly situated*,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>EXXON MOBIL CORPORATION,   )<br>)<br>Defendant.   ) | Case No. 3:05-cv-15-DGW |

ORDER OF ATTORNEYS' FEES AND COSTS
AND INCENTIVE AWARDS

This matter is before the Court on Class Counsels' motion for award of attorney's fees, expenses and incentive awards (Doc. 33). Specifically, Class counsel moves the Court for an award of $4 million in attorneys' fees and $49,127.98 in expenses and an incentive award of $3,000 for each named Plaintiff. For the reasons set forth below, Class Counsels' motion is **GRANTED**.

Procedural Background

Plaintiff filed his complaint on January 12, 2005 (Doc.1). Plaintiff's complaint seeks a judgment enjoining the defendant Exxon Mobil Corporation ("ExxonMobil") from continuing to engage in allegedly false, deceptive, unfair, and unlawful business acts and practices in connection with the marketing, advertising, and sale of its lubricant products, and an award of money damages on behalf of past and indirect purchasers of such products. On January 13, 2005, a Motion to Certify Class was filed by the named plaintiff, Adam P. Meyenburg (Doc. 2). On January 13, 2005, the class plaintiff also filed a Joint Motion for Settlement Approval on a Preliminary Basis (Doc. 4) and a Motion for a Hearing on Class Certification and Preliminary Approval of Settlement (Doc. 6). On February 3, 2005, this matter was assigned to the

undersigned for final disposition (Doc. 17).

On April 18, 2004, a hearing was held on the Motion to Certify the Class and the Motion for Preliminary Approval of the Settlement.  On April 20, 2005, this Court granted the Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 23) and on April 21, 2005 this Court granted the Motion for Conditional Class Certification.  On April 22, 2005, this Court set a Final Fairness Hearing which was held on September 15, 2005.  On June 5, 2006, this Court entered an order granting Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. 48).

Legal Analysis

### I.     A Common Benefit Fee is Appropriate.

"[W]hen deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Marketing Litigation, 264 F.3d 712, 718 (7th Cir. 2001);  see also Florin v. Nationsbank of Ga., N.A., 34 F.3d 560, 565 (7th Cir.1994) (directing district court to determine fair attorneys' fees in class action by considering the probability of success at the outset of litigation);  In re Continental Ill. Sec. Litig., 962 F.2d 566, 572 (7th Cir.1992) ("The object in awarding a reasonable attorney's fee ... is to give the lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one been feasible.").  Although is it impossible to know *ex post* exactly what terms would have resulted from arm's-length bargaining *ex ante,* courts must do their best to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, information from other cases, and data from class-counsel

auctions.  Synthroid I,  264 F.3d at 719.

In the case before the Court, the skill and efficiency with which this case has been handled and the relief accorded members of the class calls for the use of a percentage of the fund approach.  E.g. In re Continental Ill Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992).

## II.  The Attorney's Fees Requested are Appropriate.

The Plaintiffs  believe the total value of the settlement is $85 million, including cash, coupons, and equitable relief requiring ExxonMobil to change its business practices. Accepting that number as the settlement value, the class counsel in this case, is seeking an attorney's fees award of approximately 4.7% of the total benefits.  It is not necessary for the Court to spend a great deal of time and energy determining if this number is exactly correct.  Assuming arguendo, that the number is half of what the Plaintiffs allege, the recovery of attorneys fees is still reasonable.

As stated above, the appropriate manner of setting a fee is to look to the market rate.  The Court in independently aware that 331/3% to 40% (plus the cost of litigation) is the standard contingent fee percentages in this legal marketplace for comparable commercial litigation.  See Teamsters Local Union No. 604 v. Inter-Rail Transp., Inc., 2004 WL 768658, at *1 (S.D. Ill. Mar. 19, 2004).  Class counsel's agreement in this case calls for the payment of a one third of any recovery fee inclusive of costs.  Even if the court assumes that the recovery is one-fifth of what the plaintiffs assume the value of the recovery to be ($17 million) the attorneys fees would still be reasonable.  Thus, Class counsel's $4 Million request is well below what it could have and did negotiate in comparable commercial litigation.

### III. Awarding an Incentive Fee Is Appropriate.

An incentive fee of $3,000 for class representative Adam Meyenburg is appropriate.[1] This circuit has indicated that incentive fees are designed to encourage individuals to become named plaintiffs.  See Matter of Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir. 1992).  In the case at bar, Meyenburg took the inconvenience and risk of pursuing litigation with only the possibility of monetary gain that at best would be modest.  Granting an incentive fee to him will serve the added purpose of encouraging other individuals to pursue similar litigation in the future.

**THEREFORE**, it is **ORDERED** that Class counsel is awarded $4 million dollars in attorneys fees and $49,127.98 in expenses.  Additionally, class representative Adam Meyenburg is awarded an incentive fee of $3,000.

**DATED: July 31, 2006**

>                 s/ *Donald G. Wilkerson*
>                 **DONALD G. WILKERSON**
>                 **United States Magistrate Judge**

---

[1] Plaintiffs also requests incentive fees for each named plaintiff and the named plaintiff in related litigation in California.  The only named party before this Court is Adam Meyenburg.